**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARNET SMITH** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 24-cv-1422** |
| | : | |
| **MS. BRITNEY HUNER,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.** **August 20, 2026**
**United States District Judge**

Plaintiff Garnet Smith initiated this civil action against medical personnel at SCI Phoenix based on allegations that he was denied medical treatment for a chronic skin condition while housed at the prison. All claims have been dismissed with the exception of Smith's individual capacity claims asserted against the SCI Phoenix Health Care Administrator, Britney Huner, who has filed an Answer to the Amended Complaint. However, because the Court has not heard from Smith in nearly a year and Smith has not responded to Court Orders, it is apparent that he has abandoned his case Accordingly, for the following reasons, the Court will dismiss this case for failure to prosecute.

## I. PROCEDURAL HISTORY

Smith commenced this action by filing an initial Complaint on April 5, 2024. (ECF No. 1.) The Court granted Smith leave to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. § 1915(e)(2)(B), and directed that it be served for a responsive pleading. (ECF No. 5.) Smith filed an Amended Complaint, the operative pleading in this case, on October 21, 2024. (Am. Compl., ECF No. 20.) Huner filed a Motion to Dismiss the Amended Complaint on

November 13, 2024. (ECF No. 23.) Defendants Dr. Bazel and Dr. Letizio also filed a Motion to Dismiss the Amended Complaint. (ECF No. 33.)

Just after these motions were filed, on November 15, 2024, Defendants Wellpath, LLC, Dr. Letizio, and Dr. Bazel filed a Suggestion of Bankruptcy and Notice of Stay in light of the Voluntary Petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (Case No. 24-90533), filed by Wellpath Holdings, Inc. (ECF No. 35.) This case was stayed pending the bankruptcy. (*See* ECF No. 37.) After Confirmation of the Plan of Reorganization filed by Wellpath Holdings, Inc., *see In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596), the stay was lifted by Order dated May 27, 2025. (ECF No. 39). The Court's Order also directed Smith to respond to Huner's Motion to Dismiss within thirty (30) days. (*Id.*)

After the stay was lifted, on June 18, 2025, Smith voluntarily dismissed the claims against Wellpath in light of the bankruptcy discharge but indicated that he wished to proceed with his claims against Huner, Dr. Bazel, and Dr. Letizio. (ECF No. 42.) Smith also filed a Response to Huner's Motion to Dismiss (*see* ECF No. 44), to which Huner filed a Reply (*see* ECF No. 45). On August 28, 2025, the Court received a letter from Smith advising that he would soon be released from prison and providing an address where he could be contacted. (ECF No. 48.) This is the last time the Court heard from Smith. On October 6, 2025, the Court entered an Order directing Smith to respond to Dr. Bazel and Dr. Letizio's Motion to Dismiss within thirty (30) days. (ECF No. 49.) The Order was served on Smith at the address he provided to the Court. (*Id.*) Smith never responded to Dr. Bazel and Dr. Letizio's Motion to Dismiss. Moreover, nothing on the docket suggests that Smith did not receive the Court's Order.

On March 30, 2026, the Court entered a Memorandum and Order dismissing all claims against Dr. Bazel and Dr. Letizio for failure to prosecute. (ECF Nos. 52, 53.) The Court also granted Huner's Motion to Dismiss as to the official capacity claims asserted against her but denied the Motion as to all individual capacity claims. (*Id.*) Huner filed an Answer to the Amended Complaint on April 13, 2026. (*See* ECF No. 43.) On April 14, 2026, after not hearing from Smith in over seven months, the Court entered an Order directing Smith to "notify the Court whether he intends to pursue this action." (ECF No. 55.) The Court warned Smith that if it did not hear from Smith on or before April 28, 2026, then his case would be dismissed for failure to prosecute. (*Id.*)

## II. DISCUSSION

Since the Court has no ability to contact Smith to determine whether he intends to proceed with this case, the Court will consider whether it is appropriate to dismiss this case for failure to prosecute.[1] Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to

[1] Smith's Amended Complaint raises claims pursuant to 42 U.S.C. § 1983 based on events that took place between November 2022 and October 2023. (*See* Am. Compl. at 9-15.) Smith alleges that he addressed his claims through the grievance process and that he received a final denial in November of 2023. (*Id*. at 14-15.) As it appears that the two-year statute of limitations has, by this point, expired — although the Court does not expressly decide this issue — any dismissal of this case would effectively be with prejudice. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (explaining that in § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) ("[W]e have concluded that the PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies."); *Harrison v. Coker*, 587 F. App'x 736, 740 n.5 (3d Cir. 2014) ("[T]he statute of limitations has run for all of the plaintiffs' claims, and therefore the dismissal is effectively one with prejudice."). In other words, a dismissal without prejudice does not appear to be an option here.

Federal Rule of Civil Procedure 41(b)." *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors"). *See, e.g.*, *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)). Most courts have nevertheless addressed the *Poulis* factors in an abundance of caution, so the Court will take the same approach here.

*Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (*per curiam*).

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Smith's sole responsibility to prosecute his case and comply with Court orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that where the litigant was proceeding pro se, any failure to comply with orders was attributable to him). Smith has not complied with Court Orders since his release from prison. He failed to respond to the Court's Order directing him to file a response to Dr. Letizio and Dr. Bazel's Motion to Dismiss, which resulted in dismissal of his claims against these Defendants for failure to prosecute. Likewise, Smith has not responded to the Court's April 14, 2026 Order directing him to inform the Court whether he intends to pursue this action. (ECF No. 55.) It has been over four months since Smith was directed to do so and nearly a year since the Court last heard from him. This factor weighs in favor of dismissal.

The second factor, prejudice to the defendant, also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trs. of N.J. Brewery Emp. Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984)). "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). It is unclear how this case could proceed against Huner without Smith's participation. "Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence." *Stephen v. United States*

*Attorney Gen.*, No. 18-0615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020). Accordingly, requiring Huner to proceed in this context would be prejudicial.

The third factor, a history of dilatoriness, must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Again, Smith has not been heard from in nearly a year. During this time, Smith failed to respond to at least two Court Orders (*see* ECF Nos. 49, 55) and was warned in April 2026, that if the Court did not hear from him by April 28, 2026, his case would be dismissed for failure to prosecute, (ECF No. 55). The litigation cannot proceed beyond this stage due to Smith's failure to respond to Court Orders and to participate in his case. The delay is solely attributable to Smith, and nothing in the record provides a reasonable explanation as to why he is unable to comply with the Court's directives. For example, there is no indication on the docket that Smith failed to receive the Court's Order directing him to notify the Court whether he wishes to proceed. Because the record shows unexplained delays in Smith's prosecution of the case, this factor weighs in favor of dismissal.

The fourth factor, whether the plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. As noted above, Smith was expressly instructed on what he was required to do to prosecute his claims against Dr. Letizio and Dr. Bazel and failed to do so, resulting in dismissal of his claims against these Defendants. Similarly, Smith was expressly advised that he needed to notify the Court about his intention to proceed against Huner, but he again failed to do so. Smith's failure to respond in any way may fairly be understood as willful.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Smith is proceeding *pro se*, is likely

unable to pay monetary sanctions given his request to proceed *in forma pauperis*, and because the Court has no way of imposing those sanctions without the ability to contact Smith. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (per curiam) ("Because Adonai–Adoni proceeded *pro se* and *in forma pauperis*, monetary sanctions were not a viable form of alternative sanction."); *see also McLaren v. New Jersey Dep't of Educ*., 462 F. App'x 148, 149 (3d Cir. 2012) ("[A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, the district court could not contact the plaintiff to threaten her with some lesser sanction." (internal citations and alterations omitted)); *Lear v. Dahaus*, No. 03-1156, 2006 WL 1508667, at *3 (W.D. Pa. May 31, 2006) ("The fifth *Poulis* factor weighs in favor of dismissal for failure to prosecute, given that Plaintiff cannot be contacted, it is difficult to see how any lesser sanction, of which Plaintiff cannot be made aware, would serve the interests of justice or judicial economy."). The fifth factor thus weighs in favor of dismissal.

Under the sixth *Poulis* factor, the Court must consider if the claims or defenses are meritorious. *See Poulis*, 747 F.2d at 869-70 ("A claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). As the Court previously determined when it denied Huner's Motion to Dismiss in part and ordered that Huner file an Answer to the Amended Complaint, Smith has stated plausible deliberate indifference claims against Huner. However, the other *Poulis* factors weigh in favor of dismissal. A plaintiff may have a meritorious claim, but he must prosecute that claim in accordance with the Federal Rules of Civil Procedure and this Court's orders to prove that claim and entitle him to judgment if warranted. When a plaintiff fails to participate in the legal process, those claims cannot move forward.

## III. CONCLUSION

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff Garnet Smith's failure to prosecute. Simply put, there is no way for this litigation to progress without Smith's participation. A separate Order follows, which dismisses this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*__________
JOSEPH F. LEESON, JR.
United States District Judge